# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NINE GUYS, LLC, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )     No.    4:20-CV-00065-HFS |
| v. | ) |
| | ) |
| CITY OF KANSAS CITY, MISSOURI, | ) |
| | ) |
|     **Defendant.** | ) |

## DEFENDANT CITY OF KANSAS CITY MISSOURI'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant City of Kansas City, Missouri (hereinafter "City"), by and through its attorney of record, and submits the following Answer to the claims set forth in Plaintiff's Complaint ("Complaint"):

### PARTIES

1. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 1 of Plaintiff's Complaint.

2. The City admits the allegations set forth in Paragraph No. 2 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

3. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 3 of Plaintiff's Complaint.

4. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 4 of Plaintiff's Complaint.

### FACTUAL ALLEGATIONS

5. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 5 of Plaintiff's Complaint.

6. The City admits that the building referenced is a single-story building; further answering, the City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations set forth in Paragraph No. 6 of Plaintiff's Complaint.

7. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 7 of Plaintiff's Complaint.

8. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 8 of Plaintiff's Complaint.

9. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 9 of Plaintiff's Complaint.

10. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 10 of Plaintiff's Complaint.

11. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 11 of Plaintiff's Complaint.

12. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 12 of Plaintiff's Complaint.

13. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 13 of Plaintiff's Complaint.

14. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 14 of Plaintiff's Complaint.

15. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 15 of Plaintiff's Complaint.

16. The City admits the allegations set forth in Paragraph No. 16 of Plaintiff's Complaint.

17. The City states it is without knowledge sufficient to form a belief as to the truth of, and

therefore denies, the allegations set forth in Paragraph No. 17 of Plaintiff's Complaint.

18. The City denies the allegations set forth in Paragraph No. 18 of Plaintiff's Complaint.

19. The City denies the allegations set forth in Paragraph No. 19 of Plaintiff's Complaint.

20. The City admits the allegations set forth in Paragraph No. 20 of Plaintiff's Complaint.

21. The City admits the allegations set forth in Paragraph No. 21 of Plaintiff's Complaint.

22. The City admits that it has indicated that, in addition to demolishing the building, it must daylight the storm/sewer line; further answering, the City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations set forth in Paragraph No. 22 of Plaintiff's Complaint.

23. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 23 of Plaintiff's Complaint.

24. The City admits that it, through its Neighborhood Preservation Division, issued a Notice and Order and an Order to Remove Nuisances with regard to the property, but further, and more completely, states such were recalled upon the City's learning of its mistaken issuance as previously communicated to Plaintiff; further answering, the City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations set forth in Paragraph No. 24 of Plaintiff's Complaint.

25. The City denies the allegations set forth in Paragraph No. 25 of Plaintiff's Complaint.

26. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 26 of Plaintiff's Complaint.

COUNT I: INVERSE CONDEMNATION

27. The City likewise incorporates by reference its responses to the paragraphs referenced as if fully set forth herein.

28. The City admits the allegations set forth in Paragraph No. 28 of Plaintiff's Complaint.

29. The City admits that the storm/sewer line collapsed or otherwise failed; further answering, the City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations set forth in Paragraph No. 29 of Plaintiff's Complaint.

30. The City denies the allegations set forth in Paragraph No. 30 of Plaintiff's Complaint.

31. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 31 of Plaintiff's Complaint.

32. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 32 of Plaintiff's Complaint.

33. The City denies the allegations set forth in Paragraph No. 33 of Plaintiff's Complaint.

34. The City states it is without knowledge sufficient to form a belief as to the truth of, and therefore denies, the allegations set forth in Paragraph No. 34 of Plaintiff's Complaint.

35. The City denies the allegations set forth in Paragraph No. 35 of Plaintiff's Complaint.

36. Paragraph No. 36 of Plaintiff's Complaint merely sets forth a legal conclusion and no allegation of fact to which a response is required. To the extent such alleges any fact or requires any response, City denies same.

37. The City denies each and every allegation not specifically admitted to herein.

<u>AFFIRMATIVE DEFENSES</u>

For its affirmative defenses and other allegations to the claims in Plaintiff's Complaint, Defendant City states the following:

1. Plaintiff's Complaint fails to state a claim against the City upon which relief can be granted because Plaintiff fails to identify with specificity the property alleged to be taken

and/or damaged by the City.

2. Plaintiff's Complaint fails to state a claim against the City upon which relief can be granted because Plaintiff fails to allege any waiver of sovereign immunity and as such the action is barred by Section 537.600, RSMo.

3. This Court lacks subject matter jurisdiction because there is not complete diversity of citizenship of the parties in this action.

4. Plaintiff's claims are barred by the applicable statute of limitations, including Section 516.110, RSMo., and Section 516.120, respectively – in that the condition, conduct, and matters alleged were known or capable of ascertainment more than ten (10) years before the filing of the Complaint.

5. Plaintiff lacks standing to seek the relief requested.

6. Plaintiff lacks standing to seek the relief demanded in that it is a mere subsequent grantee or owner of the property at issue.

7. Plaintiff's Complaint fails to state a claim against the City upon which relief can be granted because the City did not owe any duty to Plaintiff, did not breach any duty to Plaintiff, and/or did not cause or contribute to cause the damages alleged.

8. Plaintiff's Complaint fails to state a claim against the City upon which relief can be granted because the City did not affirmatively act or undertake any affirmative conduct to create the condition described or cause the damages alleged.

9. Plaintiff fails to state a claim against the City upon which relief can be granted in that the City had no prior actual or constructive notice of the condition alleged in Plaintiff's Complaint, nor reasonable opportunity to remedy same.

10. Plaintiff's Complaint fails to state a claim against the City upon which relief can be

granted because the damages alleged were the result of natural forces.

11. Plaintiff has failed to name a necessary and indispensable party, or parties, to the action – to wit, Save-A-Lot Grocery Store; Charford Inc.; Enterprise Bank & Trust; Houston Enterprises of Kansas City, LLC; Moran Foods, Inc.; and other as-yet unknown persons or entities which possess a property and/or leasehold interest in the property.

12. Plaintiff fails to state a claim against the City upon which relief can be granted in that Plaintiff assumed the risk of its damages in that it knew of, or had constructive notice of, the condition described.

13. If Plaintiff sustained any damage as a result of the incident alleged in the Complaint, such damage was directly caused by, or directly contributed to by, an Act of God.

14. If Plaintiff sustained any damages as a result of the incident alleged in the Complaint, such was directly caused by, or directly contributed to by, the negligence or fault of Plaintiff in one or more of the following respects, among others:

    a. Failing to inspect, maintain, or repair the storm/sewer line and/or the property surrounding such line, at the property; or

    b. Failing to take reasonable measures to ensure that the storm/sewer line, and property surrounding such line, was not damaged, destroyed, or otherwise affected or rendered inoperable by Plaintiff's property and/or operations; or

    c. Construction, or continued operation thereof, of a parking lot and/or building directly atop the storm/sewer line; or

    d. Such other acts or omissions as may become apparent during further investigation and discovery in this matter.

15. Plaintiff failed to mitigate its damages by failing to timely clean, repair, maintain, or secure its property, or take other reasonable measures which will become known in discovery.

16. The City is entitled to any credits or offsets applicable to Plaintiff's alleged damages.

17. Plaintiff's claim against the City is to be reduced as a matter of law by the amount of any settlement, release, covenant not to sue or covenant not to enforce a judgment that may occur prior to or during trial pursuant to Section 537.060, RSMo.

18. That even if the City is found liable, the City's liability to Plaintiff is limited by virtue of Section 537.610, RSMo.

**WHEREFORE**, having fully answered, Defendant City of Kansas City, Missouri, prays that this Court enter a judgment in its favor, that costs be assessed against Plaintiff, and for such other relief as the Court shall deem just and proper; or, in the alternative, for an allocation or determination of the comparative fault between the parties, for an assessment of the costs among the parties in proportion to their respective allocation of comparative fault, and for such other relief as the Court shall deem just and proper.

Respectfully submitted,

Office of the City Attorney

By: /s/ G. Steven Diegel
G. STEVEN DIEGEL, #52040
Associate City Attorney
2800 City Hall
414 East 12th Street
Kansas City, Missouri 64106
Phone (816) 513-3135
Fax (816) 513-3133
*steven.diegel@kcmo.org*
**ATTORNEYS FOR DEFENDANT
CITY OF KANSAS CITY, MISSOURI**

## CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2020, a true and correct copy of Defendant's Answer to Plaintiff's Complaint was filed via ECF, with a copy automatically sent to all parties of record.

                                            By: /s/ G. Steven Diegel
                                            G. Steven Diegel
                                            Associate City Attorney